PROB 12C - (Rev. D/NM-8/2014)                                                                                   6348443

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW MEXICO

**Petition for Revocation of Supervised Release**

| | |
|---|---|
| Name of Offender: | Roque Angel Luviano |
| Docket Number: | 1084 1:19CR02325 -001JCH |
| Assigned Judge: | Honorable Judith C. Herrera, Senior United States District Judge |
| Date of Original Sentence: | 08/31/2020 |
| Original Offense: | 18 U.S.C. 922(g)(1): Felon in Possession of a Firearm and Ammunition |
| Original Sentence: | BOP: 20 months; TSR: 3 years |
| Date Supervision Commenced: | 12/04/2020 |
| Date Supervision Expires: | 12/03/2023 |
| Other Court Action: | 01/08/2021: Report on Offender Under Supervision filed due to Methamphetamine and Suboxone use prior to his release from custody. On January 14, 2021, the Court ordered no action was necessary. |
| | 03/01/2021: Report on Offender Under Supervision filed due to the defendant not being accepted into sober living due to a positive urinalysis and due to him changing his residence without authorization. On March 2, 2021, the Court ordered no action was necessary. |

## PETITIONING THE COURT

To issue a warrant.

U.S. Probation Officer of the Court, Laina M. Romero, alleges the offender has violated the following condition(s) of supervised release.

| Violation Type | Nature of Noncompliance |
|---|---|
| MC | You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.<br><br>On November 16, 2021, the defendant's urinalysis returned positive for Amphetamine and Fentanyl. The defendant admitted to methamphetamine use the night prior and denied the use of any other drugs. The specimen was submitted to Alere National Laboratory and the positive results for Fentanyl were confirmed. |
| SC | After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.<br><br>On November 10, 2021 and November 15, 2021, probation officers attempted a home contact at the defendant's residence; however, he did not respond to knocks at his door, his doorbell |

ringing or announcements of probation officers' presence. Additionally, the defendant did not answer this officer's calls or respond to text messages asking him to respond. Lastly, this officer left a business card instructing the defendant to call this officer as soon as he got home, which he failed to do.

SC      You must answer truthfully the questions asked by your probation officer.

On November 16, 2021, during an office contact, the defendant reported he was not home the night prior because he was hanging out with his sister, Victoria. He stated he did not call this officer when he got home because he did not get home until after midnight. This officer called Victoria and told the defendant she would be asked if the defendant was with her the night prior until midnight. This officer asked the defendant if she would confirm this, which he replied in the affirmative. Victoria immediately informed this officer the defendant was not with her the night prior.

SC      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

On November 10, 2021, November 15, 2021 and November 30, 2021, the defendant prohibited this officer from making contact with him at his home. On November 10, 2021, the defendant claimed he was home but was asleep and did not hear his doorbell, knocks at the door, probation announcements, his phone ringing or his phone's text message alert. On November 15, 2021, he did not respond to this officers attempts to reach him because he was at a park using methamphetamine with a female he met after he noticed her walking around his apartment complex. On November 16, 2021, this officer informed him he needed to be home everyday by 7:00 PM, until this officer could make contact with him at his apartment. On November 30, 2021, probation officers attempted to make contact with the defendant at 7:04 PM. The defendant again did not answer his phone or respond to this officer's text message while at his residence. He later claimed he was at the laundromat and left his phone at home.

SC      You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

On November 16, 2021, the defendant consented to this officer inspecting his phone. On September 27, 2021, there was a text conversation between the defendant and Dennis Garcia. The defendant asked Dennis for some "zanies," which is street vernacular for Xanax pills. Additionally, there was a picture of a Xanax bar pill and an Oxycodone pill on a washing machine. The defendant claimed the pills were for someone else.

On November 16, 2021, the defendant admitted the night prior, he hung out at a park with a female drug user and they smoked methamphetamine together.

SPC      You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to pay all, or a portion, of the costs of the program.

On October 20, 2021, the defendant's Turning Point counselor informed him he was in danger of

being unsuccessfully discharged from their program due to his continued noncompliance.

On November 24, 2021, December 6, 2021, December 27, 2021, January 10, 2022, the defendant failed to attend his individual substance abuse counseling at A New Awakening, in Albuquerque.

SPC   You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, an alcohol monitoring technology program, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing.

On November 21, 2021 and December 22, 2021, the defendant failed to submit to a random urinalysis at A New Awakening, in Albuquerque.

SPC   You must participate in and successfully complete a community-based program which provides education and training in parenting.

On November 24, 2021, the defendant failed to attend his Parenting Group via Zoom, with A New Awakening.

This marks the defendant's second positive drug test for illegal controlled substances since 12/04/2020. Pursuant to 18 U.S.C. 3583 (g)(4) if the defendant tests positive for illegal controlled substances more than three times over the course of one year, supervision must be revoked, and the defendant must be sentenced to a term of imprisonment. However, sentencing provisions authorize the Court, acting in accordance with sentencing guidelines, to exempt an offender who fails a drug test, from the mandatory revocation and imprisonment provisions, pursuant to 18 U.S.C. 3563(e) and 18 U.S.C. 3583(d).

The maximum statutory penalty:  2 years imprisonment; 3 years supervised release.
The revocation range of imprisonment:  5 to 11 months.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 01/12/2022.

Submitted:                                                      Approved:                                         ☒ Email Approval

*Laina Romero*
Laina M. Romero                                                 Presiliano Torrez
U.S. Probation Officer                                          (505) 346-7274
Cell #: 505-980-9816                                            Assistant U.S. Attorney

Date: 01/11/2022